# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DARREL B. WALKER, :
AIS 124886, :
    Petitioner, :
  :
vs. : CA 17-0067-CG-MU
  :
STATE OF ALABAMA :
  :
    Respondent.

## REPORT AND RECOMMENDATION

Darrel B. Walker, a former state prisoner currently on parole,[1] has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) In the petition, Walker again challenges his 1988 conviction for murder and the resulting sentence of life imprisonment. (*Id.* at p. 2). This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## PROCEDURAL HISTORY

Walker was initially convicted of murder and sentenced to life imprisonment in the Circuit Court of Baldwin County, Alabama in 1974. *Walker v.*

---

[1] "In the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole, or bail." *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982).

*State,* 386 So. 2d 762, 763 (Ala. Cr. App. 1980). Following a course of appeals in state and federal court, Walker's conviction was remanded by the Eleventh Circuit Court of Appeals. *Walker v. Davis*, 840 F.2d 834 (11th Cir. 1988). After remand, Walker was again convicted of first degree murder and sentenced to life imprisonment in November of 1988. *Walker v. State*, 551 So. 2d 449 (Ala. Cr. App. 1989) (affirming the conviction).

After filing an unsuccessful Rule 32 petition in the state trial and appellate courts, Walker filed a § 2254 habeas petition in this Court on August 19, 1993. (Doc. 6-17 at p. 3). In that petition, Walker asserted that he was due habeas corpus relief on the grounds that he was denied effective assistance of counsel because his trial counsel failed to object to the trial court's failure to conduct a hearing on his confession outside the presence of the jury and because his trial counsel failed to object to the prosecutor's misconduct when the prosecutor vouched for the credibility of a state's witness. (Doc. 6-17 at pp. 3-4). Walker also asserted that he was entitled to relief because he was denied a fair trial when the trial court allowed the jury to hear testimony regarding his confession prior to a determination by the trial judge as to the voluntariness of the confession. (Doc. 6-17 at p. 4). The Court denied his petition on April 16, 1996, finding that certain claims were procedurally defaulted and that others failed on the merits. (Docs. 6-17; 6-18).

Subsequently, Walker filed two Rule 32 petitions challenging his 1988 conviction, one in 2014 and the other on January 23, 2015, in the Circuit Court of Baldwin County. (Doc. 6-19 at p. 2). In those petitions, he challenged his

2

conviction, *inter alia*, on the grounds that the jury had not been sworn prior to his second trial and that he was rendered ineffective assistance of counsel at his second trial relating to the admission of his confession. (Doc. 6-19 at pp. 16-20). Both of these petitions were dismissed by the Circuit Court, and the dismissals were affirmed by the appellate courts. (Docs. 6-19 through 6- 27).

On February 6, 2017, Walker filed the instant federal habeas corpus petition in this Court again challenging his 1988 conviction. (Doc. 1). This is the second § 2254 petition he has filed in this Court challenging his 1988 conviction. (*See* Doc. 6-14). Respondent has answered, asserting that Walker's petition is due to be dismissed for lack of jurisdiction because he failed to obtain leave to file a second petition. (Doc. 6).

## **DISCUSSION**

"Before a second or successive application [under § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *accord Tompkins v. Sec'y, Dep't of Corr.,* 557 F.3d 1257, 1258 (11th Cir. 2009).

As set forth above, Walker filed a previous habeas petition in this Court in 1993 challenging the same conviction as the one he now challenges. In the earlier case, Walker's § 2254 petition was dismissed on the grounds that his claims were procedurally defaulted and/or failed on the merits. ((Docs. 6-17; 6-

18). The instant petition is clearly a second or successive petition, yet there is nothing in the record to indicate that Walker has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition or that he received such an order. Because he has not filed a motion in the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider his petition nor been granted leave to file a second habeas petition, this Court lacks jurisdiction to consider the instant petition. *See Tompkins*, 557 F.3d at 1258; *Brennan v. Strickland*, CA 17-0005-WS-C, 2017 WL 889555, at * 3 (S.D. Ala. Jan. 10, 2017), *report and recommendation adopted*, 2017 WL 889627 (S.D. Ala. Mar. 6, 2017). Accordingly, the instant petition is due to be dismissed, without prejudice, for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(3)(A).

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue
4

[only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Hammond should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28,

2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The undersigned Magistrate Judge **RECOMMENDS** that the petition for writ of habeas corpus filed by Darrel B. Walker, pursuant to 28 U.S.C. § 2254, be **DISMISSED** without prejudice due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A). Walker is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the

6

absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **22nd** day of **May, 2017**.

                          s/P. BRADLEY MURRAY
                          **UNITED STATES MAGISTRATE JUDGE**